**SEARIVER MARITIME FINANCIAL HOLDINGS, INC., et al.,
Plaintiffs,**

v.

**Rodney SLATER, et al., Defendants.**

**No. A97–0060–CV–HRH.**

United States District Court,
D. Alaska.

July 13, 1998.

*ORDER*

HOLLAND, District Judge.

*Motion to Alter or Amend Judgment*[1]

Plaintiff moves pursuant to Rule 59, Federal Rules of Civil Procedure, for an alteration or amendment of the court's judgment herein which dismissed plaintiff's complaint with prejudice. The motion is opposed. Oral argument has not been requested and is not deemed necessary.

By order filed June 4, 1998,[2] the court decided this case on cross-motions for summary judgment. In the instant motion, plaintiff suggests that the court misinterpreted paragraph 20 of the consent decree by which the parties concluded earlier litigation between them. The argument which plaintiff now makes is at best a modest variation of arguments already made by the plaintiff and already rejected by the court. Paragraph 20 of the consent decree provided with some amplification that the parties were settling "any and all claims".

The plaintiff (and its predecessor, Exxon Shipping Company) is not an unsophisticated party. The plaintiff (Exxon Shipping) in the earlier litigation was represented by a substantial number of lawyers, all of whom are highly experienced and competent to handle the business of the most sophisticated of clients. Witness some of the other terms of the consent decree, clients and counsel of the sophistication of those involved in this case do not sign agreements without parsing them with extraordinary care to be certain that they have said what they meant to say; and the court believes that the consent decree (Paragraph 20) means exactly what it says. The parties settled "any and all claims". Where the parties meant to except a matter from the reach of that term, the parties expressly included an exception. The peripheral ("including without limitation [etc.]") language which follows the release of any and all claims is merely descriptive, and the court rejects the notion that the failure to

---

1. Clerk's Docket No. 42.

2. Clerk's Docket No. 40.

mention constitutional claims in the latter language detracts from the reach of the general proposition which was that the parties were buying complete peace except for very specifically enumerated matters which did not include this dispute over whether or not the tanker *Exxon Valdez* (now *SeaRiver Mediterranean* ) has been unconstitutionally barred from Prince William Sound.

The motion to alter or amend judgment is denied.